FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 11, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FREDERICK GENTRY,<br><br>     Plaintiff,<br><br>v.<br><br>BARBARA BARRETT, in her official capacity as the Secretary of the United States Air Force,<br><br>     Defendant. | No. 2:20-cv-00050-SMJ<br><br>**ORDER DENYING MOTION TO DISMISS AND MOTION TO STRIKE** |

Before the Court, without oral argument, are Defendant Barbara Barrett's Motion to Dismiss, ECF No. 8, and Plaintiff Frederick Gentry's Motion to Strike, ECF No. 10. Defendant seeks dismissal of Plaintiff's complaint for failure to state a claim alleging disability discrimination and failure to accommodate under the Rehabilitation Act. ECF No. 8. Plaintiff seeks to strike an attachment to the Motion to Dismiss as inappropriate on a motion under Federal Rule of Civil Procedure 12(b)(6). Having reviewed the motions and the file in this matter, the Court is fully informed and denies both motions.

## BACKGROUND

Plaintiff filed this action on February 3, 2020, asserting he was employed by

ORDER DENYING MOTION TO DISMISS AND MOTION TO STRIKE – 1

Defendant with the Joint Personnel Recovery Agency (JPRA) as a civilian employee of the U.S. Air Force. ECF No. 1. Plaintiff asserts he worked as a Program Manager for the Joint Resistance Training Instructor Course (JRTIC) beginning on October 1, 2015 and was employed in a similar role since January 1, 2011. *Id.* at 5. The Complaint also outlines Defendant's prior work history, including over twenty years' experience in the U.S. Air Force and with a federal government contractor working for the JPRA. *Id.* at 4. Plaintiff asserts his job duties as a Program Manager primarily involved desk work, but that he would sometimes directly train students and supervise instructors. *Id.* at 6. Approximately once every other month, Plaintiff would "role play" or teach others how to "role play." *Id.* This "role play" involved pretending to be an enemy combatant in order to simulate the environment a U.S. servicemember may experience if held in enemy captivity. *Id.*

However, Plaintiff asserts the job description for the Program Manager position, outlined in a "core professional document" (CPD), did not "hint, imply, state, or otherwise indicate that an essential function of the Program Manager position that Mr. Gentry occupied involved 'role play.'" *Id.* at 5. On June 27, 2016 Plaintiff allegedly told a supervisor that he suffered from Post-Traumatic Stress Disorder (PTSD) and asked to be moved to a position other than the JRTIC Program Manager. *Id.* at 7. Plaintiff alleges that on July 6, 2016, he was counseled for poor job performance by the supervisor to whom he reported his PTSD, despite never

ORDER DENYING MOTION TO DISMISS AND MOTION TO STRIKE – 2

having been counseled for poor job performance in his entire work history as either a contractor or while directly employed by Defendant. *Id.* at 8. Two days later, Plaintiff's second-level supervisor also counseled him for poor job performance. *Id.*

In the fall of 2016, Plaintiff asserts his mental health care provider reported to Defendant's in-house psychologist that Plaintiff could give role play instructions and likely would be able to resume directly inflicting duress in a role play capacity in the future. *Id.* After receiving this information, Defendant issued a memorandum in November 2016 deeming role play as an essential function of the JRTIC Program Manager position, but without following the normal process to modify the CPD associated with the position. *Id.* at 9. On June 28, 2017, Plaintiff's reassignment request was allegedly denied, and on September 30, 2017, Plaintiff received an annual performance evaluation indicating that he "was doing an excellent job supporting" the JPRA programs. *Id.* However, on November 13, 2017, Defendant allegedly told Plaintiff that it intended to fire him because of his PTSD and provided Plaintiff with an opportunity to rebut the decision. *Id.* The commanding officer for the JPRA, before responding to the notice of intent to fire Plaintiff, allegedly told Plaintiff he was obligated to apply for disability retirement. *Id.* at 10. Plaintiff asserts he followed this directive but noted in the application that he had requested accommodations and was told there were no positions he could fill. *Id.* Plaintiff was terminated on May 16, 2018. *Id.*

ORDER DENYING MOTION TO DISMISS AND MOTION TO STRIKE – 3

**LEGAL STANDARD**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6), the Court must dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint is subject to dismissal under Rule 12(b)(6) if it either fails to allege a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017).

To survive a Rule 12(b)(6) motion, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists where a complaint pleads facts giving rise to a reasonable inference that the defendant is liable to the plaintiff for the misconduct alleged. Id. Plausibility does not require probability but demands more than a mere possibility of liability. *Id.* While a complaint need not contain detailed factual allegations, unadorned accusations of unlawful harm, naked assertions of wrongdoing, labels and conclusions, and formulaic or threadbare recitals of a cause of action's elements, supported only by mere conclusory statements, are not enough. *Id.* The Court may also grant a Rule 12(b)(6) motion where a complaint's allegations, on their face, suffice to establish an affirmative

ORDER DENYING MOTION TO DISMISS AND MOTION TO STRIKE – 4

defense. *Sams v. Yahoo! Inc.*, 713 F.3d 1175, 1179 (9th Cir. 2013) (quoting *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

In deciding a Rule 12(b)(6) motion, the Court construes a complaint in the light most favorable to the plaintiff and draws all reasonable inferences in his or her favor. *Ass'n for L.A. Deputy Sheriffs v. County of Los Angeles*, 648 F.3d 986, 991 (9th Cir. 2011). Thus, the Court must accept as true all factual allegations contained in a complaint but may disregard legal conclusions couched as factual allegations. *See Iqbal*, 556 U.S. at 678.

## DISCUSSION

**A.    Plaintiff's failure to accommodate claim is timely and evidence of time-barred acts are relevant to Plaintiff's timely claims**

Defendant asserts Plaintiff's failure to accommodate claim is untimely because it is based on events from 2016 and 2017. ECF No. 8 at 3–5. Plaintiff does not argue that the events from 2016 and 2017 state a timely claim for failure to accommodate, but rather that these are relevant background facts related to his claim stemming from his termination on May 15, 2018.[1] ECF No. 9 at 9.

---

[1] Plaintiff also presents arguments related to whether his disability discrimination claim with the Equal Employment Opportunity counselor constituted a consultation for his failure to accommodate claim. ECF No. 9 at 9. However, the Court does not address this argument because the Court understands Defendant is not arguing for dismissal on this issue. Defendant's Motion to Dismiss instead focuses on the timeliness of a failure to accommodate claim based on events in 2016 and 2017. *See* ECF No. 8 at 3–5.

ORDER DENYING MOTION TO DISMISS AND MOTION TO STRIKE – 5

To assert a claim under the Rehabilitation Act, a federal employee must exhaust available administrative remedies. *Cherosky v. Henderson*, 330 F.3d 1243, 1246 (9th Cir. 2003). The employee must first consult with the agency's Equal Employment Opportunity (EEO) counselor "prior to filing a complaint in order to try to informally resolve the matter." 29 C.F.R. § 1614.105(a). The aggrieved employee "must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1). "Failure to comply with this regulation is 'fatal to a federal employee's discrimination claim.'" *Cherosky*, 330 F.3d at 1246 (quoting *Lyons v. England*, 307 F.3d 1092, 1105 (9th Cir. 2002). However,

> The existence of past acts and the employee's prior knowledge of their occurrence . . . does not bar employees from filing charges about related discrete acts so long as the acts are independently discriminatory and charges addressing those acts are themselves timely filed. *Nor does the statute bar an employee from using the prior acts as background evidence in support of a timely claim*.

*Lyons*, 307 F.3d at 1108 (alteration and emphasis in original) (quoting AMTRAK v. Morgan, 536 U.S. 101, 113 (2002).

Defendant does not argue that Plaintiff initiated contact with the EEO office more than forty-five days after his termination, but rather that specific events described in the Complaint between October 1, 2015 and December 19, 2017 cannot

ORDER DENYING MOTION TO DISMISS AND MOTION TO STRIKE – 6

constitute independent claims for failure to accommodate. ECF No. 8 at 5. The Court agrees these would be time-barred if Plaintiff were to assert them as separate claims for failure to accommodate. *See Lyons*, 307 F.3d at 1108 (holding claims based on discrete acts of discrimination prior to the limitations period were time-barred). The Complaint is vague as to the specific conduct Plaintiff asserts constituted the basis for his failure to accommodate claim.[2] *See* ECF No. 1 at 12–17. But Plaintiff's response characterizes these as relevant background events for the failure to accommodate claim arising from Plaintiff's termination on May 15, 2018. ECF No. 9 at 9. Plaintiff's claim for failure to accommodate based on Plaintiff's termination is not time-barred. *See* ECF No. 8 at 5 (indicating Plaintiff contacted the EEO counselor on May 30, 2018). As such, Defendant's Motion to Dismiss is denied as to this claim.

**B.    The Applicant's Statement of Disability is not incorporated by reference**

Defendant next moves to dismiss Plaintiff's disability discrimination claim, arguing Plaintiff's sworn statement for disability retirement precludes this claim. ECF No. 5 at 5–9. Defendant attaches the "Applicant's Statement of Disability,"

---

[2] For example, the Complaint repeatedly references "the timeframe relevant to [Plaintiff]'s lawsuit" when discussing the failure to accommodate claim. ECF No. 1 at 15–16. However, the Complaint also specifies that "At or near the time [Defendant] fired [Plaintiff], it had at least 13 unfilled positions; yet [Defendant] made no attempt to place [Plaintiff] into many, if not all, of those positions." *Id.* at 16.

ECF No. 8-2, in support of this argument.³ Plaintiff contends the Complaint pleads sufficient facts to support this claim and that the arguments presented are more appropriate for consideration in a motion for summary judgment. Plaintiff also separately moves to strike the extra-pleading documents. ECF No. 10.

Generally, the Court "may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6)." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). Typically, the Court must convert a Rule 12(b)(6) motion into a summary judgment motion if "matters outside the pleadings are presented to and not excluded by the court." Fed. R. Civ. P. 12(d). Two exceptions to this rule exist: "the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201." *Khoja*, 899 F.3d at 998. Rule 201 permits a court to notice an adjudicative fact if it is "not subject to reasonable dispute," meaning it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)–(2). The Court may also consider documents not attached to a complaint, but which are incorporated by reference into the complaint because

---

³ Defendant also attached a copy of an Air Force Core Personnel Document to the Motion to Dismiss. ECF No. 8-3. However, the Motion to Dismiss references this document once in a footnote and does not otherwise rely on its contents. ECF No. 8 at 8. Because the Motion to Dismiss fails for the reasons set forth below, the Court does not consider this document and need not determine whether it was incorporated by reference into the Complaint.

ORDER DENYING MOTION TO DISMISS AND MOTION TO STRIKE – 8

"the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Defendant implicitly argues the Court may consider the Applicant's Statement of Disability without converting this motion into one for summary judgment because the Complaint references Plaintiff's disability retirement application. ECF No. 8 at 2. However, this document is not referred to extensively in the Complaint, nor does the document form the basis of Plaintiff's claim. *See Koja*, 899 F.3d at 1002 ("[The Ninth Circuit] has held that 'the mere mention of the existence of a document is insufficient to incorporate the contents of a document.'" (citing *Ritchie. Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010))).

The Complaint mentions that Plaintiff filed for disability retirement after the commanding officer for the JPRA instructed him to do so. ECF No. 1 at 10. The existence of the Applicant's Statement of Disability is not specifically mentioned, though its existence is implied, and Defendant fails to explain how this document is necessarily relied on to form the basis of Plaintiff's allegations. The document may, as Defendant argues, create a defense to the claim, but this is not a sufficient basis to find it is incorporated by reference. *Koja*, 899 F.3d at 1002 ("[I]f the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint."). The Court finds that the incorporation of this document would more appropriately fall within

ORDER DENYING MOTION TO DISMISS AND MOTION TO STRIKE – 9

the "overuse and improper application of judicial notice and the incorporation-by-reference doctrine," which the Ninth Circuit cautioned against in *Koja*. 899 F.3d at 988.

Having found this document was not incorporated by reference, the Court next considers whether it is proper to convert this motion to one for summary judgment. This case is in its nascent stages. The parties not engaged in discovery, no answer has been filed, and no scheduling order has been issued. As such, conversion to a motion for summary judgment is not appropriate.

Defendant's argument that Plaintiff's disability discrimination claim should be dismissed relies entirely on the Applicant's Statement of Disability to refute the allegations in the Complaint. Defendant has not presented any arguments that the Complaint fails to state a claim upon which relief can be granted. As such, the motion is denied as to Plaintiff's disability discrimination claim. Because the Court declines to consider the Applicant's Statement of Disability attached to the Motion to Dismiss and declines to convert this to a motion for summary judgment, Plaintiff's separate Motion to Strike, ECF No. 10, is denied as moot.

## CONCLUSION

Plaintiff's claim for failure to accommodate based on Plaintiff's termination is not time-barred. Although the Complaint is vague as to the specific events relied upon to form the basis of the failure to accommodate claim, Plaintiff has represented

that the discrete event on which his failure to accommodate claim is based is his termination. As to Plaintiff's claim for disability discrimination, the Court finds the Applicant's Statement of Disability is not incorporated by reference into the Complaint and declines to convert the instant motion into one for summary judgment. As such, Defendant's Motion to Dismiss must be denied.

Accordingly, **IT IS HEREBY ORDERED**:

**1.** Defendant's Motion to Dismiss, **ECF No. 8**, is **DENIED**.

**2.** Plaintiff's Motion to Strike, **ECF No. 10**, is **DENIED AS MOOT**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 11th day of June 2020.

_____
SALVADOR MENDOZA, JR.
United States District Judge